4-5827                                    137 S. W. 2d 927

Opinion delivered March 11, 1940.

*Fred A. Isgrig* and *Harry C. Robinson,* for appellant.
*Bates, Poe & Bates,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment
of $900 recovered by appellee from appellant in the
circuit court of Scott county for injuries received by
him while assisting other employees of appellant in un-
loading steel pipe from a coal car at the depot in Wal-
dron onto a truck.

The complaint of appellee alleged several grounds
of negligence on the part of appellant which caused his
injuries, but appellant asserts in his brief that appellee
only requested the trial court to submit one alleged
ground of negligence to the jury for its consideration
and determination and that was as to whether appel-
lant was negligent in failing to furnish a sufficient
number of men to unload the pipe in safety, or that
appellant's foreman ordered and directed the appellee
and others to do the work they were doing when appel-.  .

lee was injured, without furnishing a sufficient number of men to do the work.

Our attention is called to the instruction submitting that issue which is as follows: "The court instructs the jury that it was the duty of the defendant to exercise reasonable care and diligence to employ a reasonable number of servants in and about the work in which the plaintiff was engaged to render the performance of the work by the plaintiff reasonably safe; and if the jury believe from a preponderance of the evidence under the instructions of the court the defendant, or his duly authorized foreman, failed to exercise such reasonable care and diligence, and negligently failed to. employ a sufficient number of workmen so as to render the performance of the work by. the plaintiff reasonably safe, and ordered and directed the plaintiff, and others, without furnishing a sufficient number of men, to do the work they were doing when plaintiff was injured, if he was injured, in the manner they were, and that by reason of the negligence, if any, of the defendant, and as a direct and proximate result thereof, the plaintiff was injured, and at the time of the injury the plaintiff was exercising reasonable care and caution for his own safety, and did not assume the risk, your verdict should be for the plaintiff."

Appellee does not gainsay the assertion save to argue that the complaint contained other allegations of negligence which were sustained by testimony introduced by him. Appellee does not abstract any instruction or instructions submitting other allegations of negligence to the jury for its consideration and determination under the evidence adduced. We conclude, therefore, appellee waived all the other allegations of negligence contained in his complaint.

This brings us to a consideration of whether there is any substantial evidence in the record tending to show that appellant negligently failed to furnish a sufficient number of men to do the work at the time appellee was injured. The joints of steel pipe to be unloaded were eighteen feet long and four inches in diameter and according to the scales each · weighed

two hundred and fifty-seven pounds. The weight was ascertained by weighing one of the joints that came out of the car and all the joints of the four-inch pipe were alike.

Witnesses who estimated the weight fixed the weight at three hundred to four hundred pounds per joint. Appellee and the three men who unloaded the pipe were employed by appellant's foreman at their blacksmith shop some distance from the cars of steel and were selected on account of their size and strength. They rode to the car in the truck of the man who was to haul and string the pipe for laying same underground in extending the water system. They took skids from the blacksmith shop which had been made to rest upon the top of the car and on the truck to slide or roll the steel joints from the car to the truck. The truck driver loaded the joints in the truck in an orderly way after they were skidded into the truck.

Before leaving the blacksmith shop the foreman of appellant instructed the four men how to unload the pipe. Two of the men were to take hold of each end of the joint and they were all to lift the joint to the top of the open car in which they were loaded then attach two ropes to the joint to roll or skid them down to the truck. Appellee suggested to the foreman that he thought they needed more men, but the foreman told him they did not; that more men would be in the way of each other and that they could unload the joints with safety to themselves. He also told him and the others that if they could not unload them he could get four men who would do so. They unloaded one car and part of another on Friday afternoon, but were rained out. They went back Saturday morning and continued their work. In lifting one of the last joints to be unloaded the man at the end with appellee slipped and fell throwing additional weight on appellee which ruptured him. They continued to unload the four-inch pipe until they finished, but appellee did little lifting. He also continued to help unload another car of smaller pipe, but did very little lifting. Appellee was then given a lighter job and on the 26th of the month, which was about four

days after he was injured, he went to see his physician who directed that he get and wear a truss.

No one testified more men were needed to unload the pipe with safety to the employees except appellee who said he told the foreman several times they ought to have more men to help them unload the pipe. He said that each time the foreman insisted no more men were needed and that if he and the other three did not want to do the unloading he could get four men who would unload the car. All of them testified that it was heavy work. The fact is that three men did the unloading or practically all the lifting in the unloading after appellee was injured.

When appellee was asked the direct question as to what caused his injury he answered as follows: ''The pipe was slick and had cinders on it and Davis failed to come up with his part of it, and his foot slipped and that throwed all of the weight on me, and he stumbled with it.''

The negligence of Davis, if any, was not attributable to appellant as appellant was sued as an individual and appellee could not recover from appellant on the ground that his helper or his fellow servant was negligent. *Graham* v. *Thrall,* 95 Ark. 560, 129 S. W. 532; *Walsh* v. *Eubanks,* 183 Ark. 34, 34 S. W. 2d 762; *Williamson & Williams* v. *Cates,* 183 Ark. 579, 37 S. W. 2d 88.

There is nothing in the testimony to the effect that four men could not unload the steel piping in safety to themselves. They had safely handled the pipe prior to the injury to appellee and all the testimony shows that after he was injured the three remaining men continued to unload the pipe with safety to themselves. It is true the pipes were heavy, but according to appellee's own testimony the injury received by him was caused by his fellow servant slipping and falling and not because the men were overloaded.

We think there is no substantial evidence showing that the injury to appellee was caused by the fact that the men were overloaded.

The court, therefore, should have instructed a verdict for appellant upon the undisputed testimony and on account of his failure to do so the judgment is reversed, and the cause is dismissed.